UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAMADOU LAMARANA DIALLO,

Petitioner,

v.

DAVID VENTURELLA et al.,

Respondents.

Case No. 1:26-cv-3128

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Buffalo Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with an individualized bond hearing where the government bears the burden of proof by clear and convincing evidence. (Pet., ECF No. 1, PageID.14.)

In an order entered on November 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response and a recording of the

August 10, 2026, bond hearing on November 5, 2026. (Resp., ECF No. 4; Recording of Aug. 10, 2026, Bond Hearing, filed on Nov. 5, 2026.) Petitioner filed his reply on November 9, 2026. (Reply, ECF No. 5.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Guinea who entered the United States on or about November 25, 2023, and has remained in the United States since that time. (Pet., ECF No. 1, PageID.1; Notice to Appear (NTA), ECF No. 1-3, PageID.19.) On January 9, 2026, Petitioner was arrested by ICE. (Pet., ECF No. 1, PageID.2.)

On March 13, 2026, the Immigration Court pretermitted and denied Petitioner's application for asylum and ordered Petitioner's removal to Uganda. (Mar. 10, 2026 Immigration Judge (IJ) Order, ECF No. 1-5, PageID.37.) Petitioner timely appealed his removal order to the Board of Immigration Appeals (BIA). (Pet., ECF No. 1, PageID.2.) On August 10, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Aug. 10, 2026 IJ Order, ECF No. 8-1, PageID.57.) At the conclusion of the bond hearing, in a written order, the IJ denied Petitioner's request for bond, stating: "flight risk." (*Id.*; *see also* Recording of Aug. 10, 2026, Bond Hearing, at 23:10–23:39, filed on Nov. 5, 2026.)

On September 11, 2026, the BIA dismissed Petitioner's appeal. (BIA Decision, ECF No. 1-6, PageID.49–50.) On October 15, 2026, the Department of Homeland Security (DHS) filed a motion to reopen Petitioner's removal proceedings and designate Guinea as the country of removal instead of Uganda. (DHS Mot., ECF No. 1-6, PageID.51–53.) On October 26, 2026, an IJ granted DHS's motion to reopen removal proceedings, stating in a written order: "[T]hese proceedings are reopened. Removability has been previously sustained. Guinea is designated as the country of removal, and this matter will be restored to an active docket to adjudicate the [Petitioner]'s applications for protection/relief of removal." (IJ Order, ECF No. 1-7, PageID.55.)

Petitioner filed the present § 2241 petition on October 2, 2026. (Pet., ECF No. 1.)

## III. Discussion

The parties agree that § 1226 governs detention because Petitioner's removal proceedings were reopened. (Pet., ECF No. 1, PageID.2; Resp., ECF No. 4, PageID.65.) On August 10, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Aug. 10, 2026 IJ Order, ECF No. 8-1, PageID.57.) At the conclusion of the bond hearing, in a written order, the IJ denied Petitioner's request for bond, stating: "flight risk." (*Id.*; *see also* Recording of Aug. 10, 2026, Bond Hearing, at 23:10–23:39, filed on Nov. 5, 2026.)

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. (*See* Aug. 10, 2026 IJ Order, ECF No. 8-1, PageID.57; Recording of Aug. 10, 2026, Bond Hearing, at 23:10–23:39, filed on Nov. 5, 2026.) *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.[1]

[1] To the extent that Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court based on a material change in circumstances, such as the length of his detention, pursuant to 8 C.F.R. § 1003.19(e).

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 16, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge